UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| STEPHEN SUSINKA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 08-CV-2207 |
| ) | |
| KENT SMITH, MANUEL VILLAFUERTE, ) | |
| BRANDON O'CONNOR, and ANTONIO ) | |
| EMERY, ) | |
| ) | |
| Defendants. ) | |

## OPINION

This case is before the court for ruling on the Motions in Limine (#79) filed by Plaintiff, Stephen Susinka. Defendants, Kent Smith, Manuel Villafuerte, Brandon O'Connor, and Antonio Emery, have filed their Response (#80) to the Motions. Following this court's careful and thorough review of the arguments of the parties and the case law cited, Plaintiff's Motions in Limine (#79) are GRANTED in part and DENIED in part.

## ANALYSIS

### I. STANDARD

The "motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child & Family Servs., 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine "performs a gatekeeping function and permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." Jonasson, 115 F.3d at 440.

II. PLAINTIFFS' MOTIONS IN LIMINE

A. PLAINTIFF'S PRIOR CONVICTIONS

Plaintiff is seeking an order from this court precluding Defendants from presenting evidence or argument regarding: (1) Plaintiff's 2008 conviction for racketeering activity; and (2) Plaintiff's 2002 conviction for delivery of a controlled substance and unlawful use of a weapon. Plaintiff argued that this evidence should not be admitted to impeach his testimony because there is no impeachment value related to the specific nature of Plaintiff's convictions.

In their Response, Defendants argue that evidence of Plaintiff's prior convictions is admissible under Rule 609 of the Federal Rules of Evidence to impeach Plaintiff's credibility.

Rule 609(a)(1) provides that, for purposes of attacking the character or truthfulness of a witness, evidence that a witness has been convicted of a crime "shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year." Fed. R. Evid. 609(a)(1). Pursuant to Rule 403, the evidence should be admitted for impeachment purposes unless "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

The Seventh Circuit has articulated a five-part test to guide the district court in determining whether the probative value of a conviction outweighs its prejudicial effect. See United States v. Gant, 396 F.3d 906, 909 (7th Cir. 2005). The court should consider: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." Gant, 396 F.3d at 909; quoting Rodriguez

v. United States, 286 F.3d 972, 983 (7th Cir. 2002).

Plaintiff has argued that his prior convictions are not directly related to credibility and should not be allowed into evidence for purposes of impeachment. This court agrees with Defendants, however, that Rule 609 assumes that felons perjure themselves more often than other witnesses and "the premise of Rule 609 'that crookedness and lying are correlated' is not for the court to question." Charles v. Cotter, 867 F. Supp. 648, 656 (N.D. Ill. 1994), quoting Campbell v. Greer, 831 F.2d 700, 707 (7th Cir. 1987). Following consideration of the relevant factors, this court agrees with Defendants that evidence of Plaintiff prior felony convictions have impeachment value as to the issue of Plaintiff's credibility, which is not outweighed by the danger of unfair prejudice or any of the other concerns set out in Rule 403. Accordingly, evidence of Plaintiff's prior felony convictions will be allowed if Plaintiff testifies.

Plaintiff has asked, in the alternative, that, if this court allows evidence of prior convictions to be used for impeachment purposes, the specific nature of the crimes not be revealed to the jury. This court notes, however, that the law in the Seventh Circuit is very clear that, in impeaching a witness with a prior conviction, a party "may identify the particular felony charged, the date, and the disposition." United States v. Smith, 454 F.3d 707, 716 (7th Cir. 2006); see also United States v. White, 222 F.3d 363, 370 (7th Cir. 2000); Gora v. Costa, 971 F.2d 1325, 1330 (7th Cir. 1992); Campbell, 831 F.2d at 707. This court therefore agrees with Defendants that Plaintiff's alternative request should not be allowed and, as to Plaintiff's 2008 and 2002 convictions, Defendants will be allowed to present evidence of the particular felonies charged, the date and the disposition. This court wants to make clear, however, that Defendants will not be allowed to present any evidence regarding the sentences imposed.

Plaintiff's request for an order precluding Defendants from presenting evidence or argument regarding his prior convictions is therefore DENIED.

## B. GUZMAN'S PRIOR CONVICTIONS

Plaintiff is also seeking an order precluding evidence or argument related to: (1) Christian Guzman's 2008 conviction for first degree murder and racketeering; and (2) Christian Guzman's 2001 conviction for discharge of a firearm. Plaintiff stated that Guzman is a key witness for Plaintiff and argued that Guzman's prior convictions are not related to credibility. Defendants have argued that evidence of Guzman's prior convictions should be allowed for purposes of impeaching his credibility pursuant to Rule 609(a)(1) of the Federal Rules of Evidence.

This court concludes that, based upon the same analysis applied to Plaintiff's prior convictions, Defendants will be allowed to impeach Guzman's credibility by introducing evidence of his 2008 and 2001 convictions. Defendants will be allowed to introduce evidence regarding the felony charged, the date, and the disposition. Again, Defendants will not be allowed to present any evidence regarding the sentences imposed. Plaintiff's request for an order precluding Defendants from presenting evidence regarding Guzman's prior convictions is therefore DENIED.

## C. REMAINING REQUESTS

Plaintiff has also requested an order precluding Defendants from making any reference to Plaintiff's disciplinary record during his imprisonment, including any reference to any altercations with other inmates, and from making any reference to allegations that Plaintiff was a member of a gang and was involved in gang-related activities.

In their Response, Defendants did not oppose these requests. This court concludes that the requests are reasonable and Plaintiff's remaining requests are GRANTED.

4

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motions in Limine (#79) are GRANTED in part and DENIED in part.

(2) Based upon this court's ruling, Defendants will be allowed to introduce evidence regarding the prior convictions of Plaintiff and Guzman for impeachment purposes. Defendants will not be allowed to make any reference to Plaintiff's disciplinary record during his imprisonment and will not be allowed to make any reference to allegations that Plaintiff was a member of a gang and was involved in gang-related activities.

ENTERED this 24th day of November, 2010.

s/MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE