# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| STEPHEN SUSINKA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 08-CV-2207 |
| ) | |
| KENT SMITH, MANUEL VILLAFUERTE, ) | |
| BRANDON O'CONNOR, and ANTONIO ) | |
| EMERY, ) | |
| ) | |
| Defendants. ) | |

## OPINION

This case is before the court for ruling on the Motions in Limine (#76, #77, #78) filed by Defendants, Kent Smith, Manuel Villafuerte, Brandon O'Connor and Antonio Emery. Plaintiff, Stephen Susinka, has filed a Response to Defendants' Motion in Limine #3 (#88). Following this court's careful and thorough review of the arguments of the parties and the case law cited, this court rules as follows: (1) Defendants' Motion in Limine #1 (#76) is GRANTED; (2) Defendants' Motion in Limine #2 (#77) is GRANTED; and (3) Defendants' Motion in Limine #3 (#78) is DENIED.

## ANALYSIS

### I. STANDARD

The "motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child & Family Servs., 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine "performs a gatekeeping function and permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." Jonasson, 115 F.3d at 440.

## II. DEFENDANTS' MOTIONS IN LIMINE

### A. MOTION IN LIMINE #1

Defendants are seeking an order from this court precluding any evidence, argument or reference regarding any Defendant's indemnification by the County of Kankakee. Defendants noted that courts, including the Seventh Circuit Court of Appeals, generally prohibit juries from learning that defendants in Section 1983 suits are indemnified. See Lawson v. Trowbridge, 153 F.3d 368, 379 (7th Cir. 1998). Defendants also asked that Plaintiff be precluded from referring to Defendants' attorneys as the "County Attorneys" or "Jail Attorneys" as any such references would invite the inference that the County is paying for the defense.

Plaintiff has not filed an objection to this Motion and this court concludes that Defendants' request is reasonable and supported by the applicable case law. Accordingly, Defendants' Motion in Limine #1 (#76) is GRANTED.

### B. MOTION IN LIMINE #2

Defendants are seeking an order from this court precluding any evidence, argument or reference regarding unrelated litigation involving Defendants. Defendants argue that any such evidence is not relevant to any issue in this case and, alternatively, should be excluded because the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. See Fed. R. Evid. 403.

Plaintiff has not filed an objection to this Motion and this court concludes that Defendants have adequately shown that such evidence should not be allowed. Therefore, Defendants' Motion in Limine #2 (#77) is GRANTED.

## C. MOTION IN LIMINE #3

Defendants are seeking an order from this court precluding any evidence, argument or reference regarding any alleged recording of the incident which occurred on June 20, 2008. Defendants stated that, although the Jerome Combs Detention Center is equipped with video cameras, it is jail policy to routinely record over the video footage absent a specific request that the video be preserved. Defendants stated that they expect Plaintiff to testify that he indicated to jail personnel by way of a grievance form that the June 20, 2008, incident was recorded. Defendants argued that Plaintiff, however, never requested in the grievance that the video footage be preserved. Therefore, the video was taped over as a matter of routine. Defendants argued that they "had no idea at the time of the incident or when the grievance was filed that Plaintiff was intending on suing them month later in a subsequent lawsuit." Defendants also pointed out that the court's October 24, 2008, merit review order did not allow for a spoilation of evidence claim.

Plaintiff has filed a Response To Defendants' Motion in Limine #3 (#88). Plaintiff argued that evidence of the video recording of the incident, the mention of the video recording in Plaintiff's grievance, and the subsequent recording over of the video recording should be admitted because it is relevant. Plaintiff argued that no spoilation claim was alleged and he is not seeking relief because of the spoilation of the video evidence. Plaintiff pointed out that no spoilation claim needs to be proved in order for the potential spoilation to be relevant. See Hallett v. Richmond, 2009 WL 5125628, at *5 (N.D. Ill. 2009). Plaintiff stated, "[i]f the video was available there is no doubt as to the relevance of it, as it would tend to prove or disprove the entirety of the Plaintiff's case. The Defendants should not benefit from having a policy to delete evidence that potentially is relevant to litigation." Plaintiff went on to say that "[n]othing precludes the Defendants from explaining the

3

policy about keeping the video only if specifically requested to do so."

This court is persuaded by Plaintiff's arguments. This court concludes that the taping over of the video, after Plaintiff mentioned the video in his grievance, is relevant evidence and should be admitted. This court further concludes that the relevance of the evidence is not outweighed by its prejudicial effect because Defendants will be allowed to explain the policy and why the video was taped over. For the reasons stated, Defendants' Motion in Limine #3 (#78) is DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Defendants' Motion in Limine #1 (#76) is GRANTED. Plaintiff is precluded from presenting any evidence, argument, or reference regarding any Defendant's indemnification by the County of Kankakee. Plaintiff is further precluded from referring to Defendants' attorneys as "County Attorneys" or "Jail Attorneys."

(2) Defendants' Motion in Limine #2 (#77) is GRANTED. Plaintiff is precluded from presenting any evidence, argument or reference regarding unrelated litigation involving Defendants.

(3) Defendants' Motion in Limine #3 (#78) is DENIED. Plaintiff is allowed to present evidence and argument regarding the taping over of the video taken of the incident on June 20, 2008.

ENTERED this 29th day of November, 2010.

s/MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE